IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SAINT LAWRENCE COMMUNICATIONS LLC, | § § § Civil Action No. 2:15-cv-00349 § § PATENT CASE § § JURY TRIAL DEMANDED § § § |
| Plaintiff, | |
| v. | |
| ZTE CORPORATION ET AL. | |
| Defendants. | |

**AMENDED ANSWER OF ZTE (USA) INC. AND ZTE (TX) INC. TO SAINT LAWRENCE COMMUNICATIONS LLC'S COMPLAINT FOR PATENT INFRINGEMENT AND COUNTERCLAIMS OF ZTE (USA) INC.**

To the extent any response is required to the unnumbered preamble of plaintiff's Complaint for Patent Infringement:  Denied.

**THE PARTIES**

1. Denied, because ZTE (USA) Inc. and ZTE (TX) Inc. (collectively "ZTE") are without knowledge or information sufficient to form a belief as to the truth of the averments.

2. Denied, except that ZTE Corporation is a corporation organized and existing under the laws of the People's Republic of China, having a principal place of business at ZTE Plaza, Keji Road South, Hi-Tech Industrial Park, Nanshan District, Shenzhen, Guangdong Province, People's Republic of China 518057.

3. Denied, except that ZTE (USA) Inc. is a corporation organized and existing under the laws of New Jersey, having a principal place of business at 2425 North Central Expressway, Suite 600, Richardson, Texas 75080.

4. Denied, except that ZTE (TX) Inc. is a corporation organized and existing under the laws of the Texas, having a principal place of business at 2500 Dallas Parkway, Plano, Texas 75093.

**JURISDICTION AND VENUE**

5. Denied, except that for purposes of this Civil Action No. 2:15-cv-00349, ZTE does not object to the exercise of jurisdiction by this Court.

6. Denied, except that for purposes of this Civil Action No. 2:15-cv-00349, ZTE does not object to the propriety (as opposed to the convenience) of venue in this District and Division.

## SUMMARY

7. To the extent any response is required:  Denied, because ZTE is without knowledge or information sufficient to form a belief as to the truth of the averments.

8. To the extent any response is required:  Denied, because ZTE is without knowledge or information sufficient to form a belief as to the truth of the averments.

9. To the extent any response is required:  Denied, because ZTE is without knowledge or information sufficient to form a belief as to the truth of the averments.

10. To the extent any response is required:  Denied, because ZTE is without knowledge or information sufficient to form a belief as to the truth of the averments.

11. To the extent any response is required:  Denied, because ZTE is without knowledge or information sufficient to form a belief as to the truth of the averments.

12. With respect to any accused ZTE products, denied; with respect to any other products, denied, because ZTE is without knowledge or information sufficient to form a belief as to the truth of the averments.

13. To the extent any response is required:  Denied, because ZTE is without knowledge or information sufficient to form a belief as to the truth of the averments.

14. Denied; except that the first sentence is denied because ZTE is without knowledge or information sufficient to form a belief as to the truth of the averments.

## COUNT I: INFRINGEMENT OF THE U.S. PATENT NO. 6,795,805

15. Denied, because ZTE is without knowledge or information sufficient to form a belief as to the truth of the averments.

16. Denied.

17. Denied.

18. Denied.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 6,807,524

19. Denied, because ZTE is without knowledge or information sufficient to form a belief as to the truth of the averments.

20. Denied.

21. Denied.

22. Denied.

## COUNT III: INFRINGEMENT OF U.S. PATENT NO. 7,151,802

23. Denied, because ZTE is without knowledge or information sufficient to form a belief as to the truth of the averments.

24. Denied.

25. Denied.

26. Denied.

## COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 7,260,521

27. Denied, because ZTE is without knowledge or information sufficient to form a belief as to the truth of the averments.

28. Denied.

29. Denied.

30. Denied.

## COUNT V: INFRINGEMENT OF U.S. PATENT NO. 7,191,123

31. Denied, because ZTE is without knowledge or information sufficient to form a belief as to the truth of the averments.

32. Denied.

33. Denied.

34. Denied.

## JURY DEMAND

35. To the extent any response is required: Denied, except that ZTE below demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

To the extent any response is required to any paragraph of plaintiff's Prayer for Relief, including without limitation its unnumbered paragraph and the paragraphs it has labeled a-e: Denied.

36. To the extent ZTE has not already addressed elsewhere any averments of Plaintiff's Original Complaint for Patent Infringement: Denied.

## DEFENSES

37. Pursuant to Federal Rule of Civil Procedure 8(b) and (c), without assuming any burden that it would not otherwise bear, without reducing or removing plaintiff's burdens of proof on its affirmative claims against ZTE, reserving its right to assert additional defenses, and affirmatively solely to the extent deemed necessary by the Court to maintain any or all of the following defenses, ZTE asserts the following defenses to plaintiff's Complaint for Patent Infringement:

## FIRST DEFENSE

38. ZTE does not and has not infringed any valid and enforceable claim of U.S. Patent Nos. 6,795,805; 6,807,524; 7,151,802; 7,260,521; or 7,191,123; (collectively, the "patents-in-suit") literally, under the doctrine of equivalents, directly, indirectly, contributorily, by way of inducement, and/or via any other mechanism of liability.

## SECOND DEFENSE

39. Each of the claims of the patents-in-suit is invalid and/or unenforceable for failure to comply with one or more of the conditions of patentability set forth in Title 35 of the United States Code, including without limitation, for example, Sections 101, 102, 103, and 112.

## THIRD DEFENSE

40. Plaintiff's claims for patent infringement are precluded in whole or in part (i) to the extent that any allegedly infringing products or components thereof are supplied, directly or indirectly, to ZTE by (or by ZTE to) any entity or entities having express or implied licenses to the patents-in-suit and/or (ii) under the doctrine of patent exhaustion.

## FOURTH DEFENSE

41. Plaintiff is barred in whole or in part under principles of equity, including without limitation, laches, prosecution laches, waiver, estoppel, and/or unclean hands.

## FIFTH DEFENSE

42. Any claim by Plaintiff for damages is limited under 35 U.S.C. §§ 286 or 287. Plaintiff is barred under 35 U.S.C. § 287 from recovering damages prior to the date of the filing of the Complaint. Plaintiff is barred by 35 U.S.C. § 288 from recovering costs associated with its action.

## SIXTH DEFENSE

43. Plaintiff has failed to provide adequate evidence of ownership of the patents-in-suit.

## SEVENTH DEFENSE

44. Plaintiff lacks standing to bring suit for alleged infringement of the patents-in-suit.

## EIGHTH DEFENSE

45. Plaintiff is not entitled to injunctive relief under any theory, at least because: (1) plaintiff has not suffered nor will it suffer irreparable harm because of ZTE's conduct; (2) any harm to plaintiff would be outweighed by the harm to ZTE if an injunction were entered; (3) plaintiff has an adequate remedy at law even if it were to prevail in this action; and (4) the public interest would not be served by an injunction in favor of plaintiff.

## NINTH DEFENSE

46. Plaintiff has failed to state a claim upon which relief can be granted.

## TENTH DEFENSE

47. This is an exceptional case under 35 U.S.C. 285, entitling ZTE to an award of its costs, expenses, and reasonable attorney fees in this action.

## RESERVATION OF RIGHTS

48. ZTE reserves any and all rights to amend its answer, including its currently pled defenses, and/or to add additional defenses, as any basis for doing so becomes apparent.

## ZTE'S COUNTERCLAIMS

Counterclaim Plaintiff ZTE (USA) Inc. ("ZTE"), as and for its counterclaims against counterclaim defendant Saint Lawrence Communications LLC, states as follows:

## NATURE OF ACTION

1. This is a Declaratory Judgment action for a declaration of non-infringement and invalidity of the U.S. Patents asserted against ZTE by counterclaim defendant in its Complaint for Patent Infringement (its "complaint"); U.S. Patent Nos. 6,795,805; 6,807,524; 7,151,802; 7,260,521; and 7,191,123.

## PARTIES

2. ZTE (USA) Inc. is a New Jersey corporation with its principal place of business at 2425 North Central Expressway, Suite 600, Richardson, Texas 75080.

3. On information and belief, as averred in its complaint, counterclaim defendant is a Texas limited liability company with its principal place of business in Plano, Texas.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over the counterclaims under 28 U.S.C. §§ 2201 and 2202 as a declaratory judgment action; and, as averred in the complaint, under 28 U.S.C. §§ 1331 and 1338 as an action arising under the Patent Laws, Title 35 of the United States Code.

5. By filing its complaint in this District, counterclaim defendant has affirmatively sought and consented to the personal jurisdiction of this Court for purposes of ZTE's counterclaims, and the Court does have personal jurisdiction over the counterclaim defendant.

6. If and to the extent venue is (or would have been) proper over any of the claims in the complaint, venue over all counterclaims must be proper in this District under 28 U.S.C. §§ 1391 and 1400. Furthermore, by maintaining its complaint, counterclaim defendant has waived any objection it might have or make to venue over ZTE's counterclaims.

## COUNTERCLAIM I

## (DECLARATION OF NON-INFRINGEMENT—'805 Patent)

7. ZTE reavers and incorporates by reference its unnumbered preamble and paragraphs 1 through 6 of ZTE's Counterclaims as though fully set forth herein.

8. Counterclaim defendant avers in its complaint that it "holds all rights, title, and interest in and to the '805 Patent…. St. Lawrence is entitled to recover from Defendants the damages sustained by St. Lawrence as a result of Defendants' wrongful acts…."

9. Counterclaim defendant avers in its complaint that ZTE has

> infringed directly and continues to infringe directly the '805 Patent. The infringing acts include, but limited to, the manufacture, use, sale, importation, and/or offer for sale of products practicing the AMR-WB Standard…. ZTE has been and is now indirectly infringing by way of inducing infringement and/or contributing to the infringement of the method claims of the '805 patent…by, among other things, making using, licensing, selling, offering for sale, or importing infringing ZTE HD Voice mobile phones, covered by one or more method claims of the '805 patent….
> ….
> …[I]nfringement of the '805 Patent by Defendants is willful and deliberate, and with full knowledge of the patent….

Thus, an actual, substantial controversy exists between ZTE and counterclaim defendant concerning ZTE's non-infringement of the '805 patent.

10. ZTE does not infringe, and has not infringed, any valid and enforceable claim of the '805 patent literally, under the doctrine of equivalents, directly, indirectly, contributorily, by way of inducement, and/or via any other mechanism of liability under the Patent Act.

11. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., ZTE is entitled to a declaration that the claims of the '805 patent are not, and have not been, infringed by ZTE or any affiliate (or, with respect to ZTE products, customer) of ZTE.

12. The requested declaratory relief would serve the useful purpose of clarifying the legal issues and resolving the claims of infringement made by counterclaim defendant in its complaint.

## COUNTERCLAIM II

### (DECLARATION OF INVALIDITY—'805 Patent)

13. ZTE reavers and incorporates by reference its unnumbered preamble and paragraphs 1 through 12 of ZTE's Counterclaims as though fully set forth herein.

14. One or more claims of the '805 patent are invalid or void for failing to satisfy one or more of the conditions of patentability set forth in Part II of Title 35 of the United States Code, including without limitation, for example, sections 101, 102, 103, and/or 112.

15. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., ZTE is entitled to a declaration that the claims of the '805 patent are invalid.

16. The requested declaratory relief would serve the useful purpose of clarifying the legal issues and resolving the claims of infringement made by counterclaim defendant in its complaint.

## COUNTERCLAIM III

### (DECLARATION OF NON-INFRINGEMENT—'524 Patent)

17. ZTE reavers and incorporates by reference its unnumbered preamble and paragraphs 1 through 16 of ZTE's Counterclaims as though fully set forth herein.

18. Counterclaim defendant avers in its complaint that it "holds all rights, title, and interest in and to the '524 Patent…. St. Lawrence is entitled to recover from Defendants the damages sustained by St. Lawrence as a result of Defendants' wrongful acts…."

19. Counterclaim defendant avers in its complaint that ZTE has

> infringed directly and indirectly and continues to infringe directly and indirectly the '524 Patent. The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products practicing the AMR-WB Standard…. ZTE has been and is now indirectly infringing by way of inducing infringement and/or contributing to the infringement of the method claims of the '524 patent…by, among other things, making, using, licensing, selling, offering for sale, or importing infringing ZTE HD Voice mobile phones, covered by one or more method claims of the '524 patent….
>
> ….
>
> …[I]nfringement of the '524 Patent by Defendants is willful and deliberate, and with full knowledge of the patent….

Thus, an actual, substantial controversy exists between ZTE and counterclaim defendant concerning ZTE's non-infringement of the '524 patent.

20. ZTE does not infringe, and has not infringed, any valid and enforceable claim of the '524 patent literally, under the doctrine of equivalents, directly, indirectly, contributorily, by way of inducement, and/or via any other mechanism of liability under the Patent Act.

21. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., ZTE is entitled to a declaration that the claims of the '524 patent are not, and have not been, infringed by ZTE or any affiliate (or, with respect to ZTE products, customer) of ZTE.

22. The requested declaratory relief would serve the useful purpose of clarifying the legal issues and resolving the claims of infringement made by counterclaim defendant in its complaint.

## COUNTERCLAIM IV

## (DECLARATION OF INVALIDITY—'524 Patent)

23. ZTE reavers and incorporates by reference its unnumbered preamble and paragraphs 1 through 22 of ZTE's Counterclaims as though fully set forth herein.

24. One or more claims of the '524 patent are invalid or void for failing to satisfy one or more of the conditions of patentability set forth in Part II of Title 35 of the United States Code, including without limitation, for example, sections 101, 102, 103, and/or 112.

25.     Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., ZTE is entitled to a declaration that the claims of the '524 patent are invalid.

26.     The requested declaratory relief would serve the useful purpose of clarifying the legal issues and resolving the claims of infringement made by counterclaim defendant in its complaint.

## COUNTERCLAIM V

## (DECLARATION OF NON-INFRINGEMENT—'802 Patent)

27.     ZTE reavers and incorporates by reference its unnumbered preamble and paragraphs 1 through 26 of ZTE's Counterclaims as though fully set forth herein.

28.     Counterclaim defendant avers in its complaint that it "holds all rights, title, and interest in and to the '802 Patent…. St. Lawrence is entitled to recover from Defendants the damages sustained by St. Lawrence as a result of Defendants' wrongful acts…."

29.     Counterclaim defendant avers in its complaint that ZTE has

> infringed directly and indirectly and continues to infringe directly and indirectly the '802 Patent. The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products practicing the AMR-WB Standard.
> ….
> …[I]nfringement of the '802 Patent by Defendants is willful and deliberate, and with full knowledge of the patent….

Thus, an actual, substantial controversy exists between ZTE and counterclaim defendant concerning ZTE's non-infringement of the '802 patent.

30.     ZTE does not infringe, and has not infringed, any valid and enforceable claim of the '802 patent literally, under the doctrine of equivalents, directly, indirectly, contributorily, by way of inducement, and/or via any other mechanism of liability under the Patent Act.

31.     Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., ZTE is entitled to a declaration that the claims of the '802 patent are not, and have not been, infringed by ZTE or any affiliate (or, with respect to ZTE products, customer) of ZTE.

32.     The requested declaratory relief would serve the useful purpose of clarifying the legal issues and resolving the claims of infringement made by counterclaim defendant in its complaint.

## COUNTERCLAIM VI

## (DECLARATION OF INVALIDITY—'802 Patent)

33.     ZTE reavers and incorporates by reference its unnumbered preamble and paragraphs 1 through 32 of ZTE's Counterclaims as though fully set forth herein.

34.     One or more claims of the '802 patent are invalid or void for failing to satisfy one or more of the conditions of patentability set forth in Part II of Title 35 of the United States Code, including without limitation, for example, sections 101, 102, 103, and/or 112.

35.     Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., ZTE is entitled to a declaration that the claims of the '802 patent are invalid.

36.     The requested declaratory relief would serve the useful purpose of clarifying the legal issues and resolving the claims of infringement made by counterclaim defendant in its complaint.

## COUNTERCLAIM VII

## (DECLARATION OF NON-INFRINGEMENT—'521 Patent)

37.     ZTE reavers and incorporates by reference its unnumbered preamble and paragraphs 1 through 36 of ZTE's Counterclaims as though fully set forth herein.

38.     Counterclaim defendant avers in its complaint that it "holds all rights, title, and interest in and to the '521 Patent…. St. Lawrence is entitled to recover from Defendants the damages sustained by St. Lawrence as a result of Defendants' wrongful acts…."

39.     Counterclaim defendant avers in its complaint that ZTE has

> infringed directly and continues to infringe directly the '521 Patent. The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products practicing the AMR-WB Standard…. ZTE has been and is now indirectly infringing by way of inducing infringement and/or contributing to the infringement of the method claims of the '521 patent…by, among other things, making, using,

> licensing, selling, offering for sale, or importing infringing ZTE HD Voice mobile phones, covered by one or more method claims of the '521 patent….
>
> ….
>
> …[I]nfringement of the '521 Patent by Defendants is willful and deliberate, and with full knowledge of the patent….

Thus, an actual, substantial controversy exists between ZTE and counterclaim defendant concerning ZTE's non-infringement of the '521 patent.

40. ZTE does not infringe, and has not infringed, any valid and enforceable claim of the '521 patent literally, under the doctrine of equivalents, directly, indirectly, contributorily, by way of inducement, and/or via any other mechanism of liability under the Patent Act.

41. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., ZTE is entitled to a declaration that the claims of the '521 patent are not, and have not been, infringed by ZTE or any affiliate (or, with respect to ZTE products, customer) of ZTE.

42. The requested declaratory relief would serve the useful purpose of clarifying the legal issues and resolving the claims of infringement made by counterclaim defendant in its complaint.

## COUNTERCLAIM VIII

## (DECLARATION OF INVALIDITY—'521 Patent)

43. ZTE reavers and incorporates by reference its unnumbered preamble and paragraphs 1 through 42 of ZTE's Counterclaims as though fully set forth herein.

44. One or more claims of the '521 patent are invalid or void for failing to satisfy one or more of the conditions of patentability set forth in Part II of Title 35 of the United States Code, including without limitation, for example, sections 101, 102, 103, and/or 112.

45. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., ZTE is entitled to a declaration that the claims of the '521 patent are invalid.

46. The requested declaratory relief would serve the useful purpose of clarifying the legal issues and resolving the claims of infringement made by counterclaim defendant in its complaint.

## COUNTERCLAIM IX

## **(DECLARATION OF NON-INFRINGEMENT—'123 Patent)**

47. ZTE reavers and incorporates by reference its unnumbered preamble and paragraphs 1 through 46 of ZTE's Counterclaims as though fully set forth herein.

48. Counterclaim defendant avers in its complaint that it "holds all rights, title, and interest in and to the '123 Patent…. St. Lawrence is entitled to recover from Defendants the damages sustained by St. Lawrence as a result of Defendants' wrongful acts…."

49. Counterclaim defendant avers in its complaint that ZTE has

> infringed directly and indirectly and continues to infringe directly and indirectly the ' 123 Patent. The infringing acts includes, but are no limited to, the manufacture, use, sale, importation, and/or offer for sale of products practicing the AMR-WB Standard…. ZTE has been and is now indirectly infringing by way of inducing infringement and/or contributing to the infringement of the method claims of the '123 patent… by, among other things, making, using, licensing, selling, offering for sale, or importing infringing ZTE HD Voice mobile phones, covered by one or more method claims of the '123 patent….
> ….
> …[I]nfringement of the '123 Patent by Defendants is willful and deliberate, and with full knowledge of the patent….

Thus, an actual, substantial controversy exists between ZTE and counterclaim defendant concerning ZTE's non-infringement of the '123 patent.

50. ZTE does not infringe, and has not infringed, any valid and enforceable claim of the '123 patent literally, under the doctrine of equivalents, directly, indirectly, contributorily, by way of inducement, and/or via any other mechanism of liability under the Patent Act.

51. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., ZTE is entitled to a declaration that the claims of the '123 patent are not, and have not been, infringed by ZTE or any affiliate (or, with respect to ZTE products, customer) of ZTE.

52. The requested declaratory relief would serve the useful purpose of clarifying the legal issues and resolving the claims of infringement made by counterclaim defendant in its complaint.

## **COUNTERCLAIM X**

## (DECLARATION OF INVALIDITY—'123 Patent)

53. ZTE reavers and incorporates by reference its unnumbered preamble and paragraphs 1 through 52 of ZTE's Counterclaims as though fully set forth herein.

54. One or more claims of the '123 patent are invalid or void for failing to satisfy one or more of the conditions of patentability set forth in Part II of Title 35 of the United States Code, including without limitation, for example, sections 101, 102, 103, and/or 112.

55. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., ZTE is entitled to a declaration that the claims of the '123 patent are invalid.

56. The requested declaratory relief would serve the useful purpose of clarifying the legal issues and resolving the claims of infringement made by counterclaim defendant in its complaint.

## DEMAND FOR JURY TRIAL

57. ZTE demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

FOR THESE REASONS, ZTE respectfully requests that this Court enter judgment in its favor and grant the following relief:

A. That the Court enter an order declaring that counterclaim defendant take nothing by its complaint in this action;

B. That the Court enter judgment against counterclaim defendant and in favor of ZTE, and that the complaint be dismissed with prejudice;

C. That the Court enter a declaratory judgment that ZTE does not infringe any claim of the '805 patent;

D. That the Court enter a declaratory judgment that the claims of the '805 patent are invalid;

E. That the Court enter a declaratory judgment that ZTE does not infringe any claim of the '524 patent;

      F.      That the Court enter a declaratory judgment that the claims of the '524 patent are invalid;

      G.      That the Court enter a declaratory judgment that ZTE does not infringe any claim of the '802 patent;

      H.      That the Court enter a declaratory judgment that the claims of the '802 patent are invalid;

      I.      That the Court enter a declaratory judgment that ZTE does not infringe any claim of the '521 patent;

      J.      That the Court enter a declaratory judgment that the claims of the '521 patent are invalid;

      K.      That the Court enter a declaratory judgment that ZTE does not infringe any claim of the '123 patent;

      L.      That the Court enter a declaratory judgment that the claims of the '123 patent are invalid; and

      M.      That the Court enter an order awarding ZTE its costs, expenses and reasonable attorney fees in this action because this is an exceptional case under 35 U.S.C. 285 as a result of, *inter alia*, the above-pleaded denials, defenses, and/or counterclaims.

DATED: June 23, 2015

                                            Respectfully submitted,

                                            */s/ David A. Bailey*
                                            Everett Upshaw
                                            State Bar of Texas No. 24025690
                                            everettupshaw@everettupshaw.com
                                            David A. Bailey, Of Counsel
                                            State Bar of Texas No. 24078177
                                            davidbailey@everettupshaw.com
                                            **UPSHAW PLLC**

811 S. Central Expressway, Suite 307
Richardson, Texas 75080
P: (972) 920-8000
F: (972) 920-8001

***ATTORNEYS FOR DEFENDANT***
***ZTE (USA) INC. and***
***ZTE (TX) INC.***

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of this document was filed electronically in compliance with Local Rule CV-5, and thereby served on all counsel who have consented to electronic service on this 23rd day of June 2015.

                                             */s/ David A. Bailey*
                                             David A. Bailey