**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| SAINT LAWRENCE COMMUNICATIONS LLC | § | Case No. 2:15-cv-00349-JRG |
| | § | (Lead Case) |
| Plaintiff, | § | |
| | § | Jury Trial Requested |
| v. | § | |
| | § | |
| ZTE CORPORATION, ZTE USA, INC., | § | |
| And ZTE (TX) INC., | § | |
| | § | |
| Defendants. | § | |
| | § | |
| SAINT LAWRENCE COMMUNICATIONS LLC | § | Case No. 2:15-cv-00351-JRG |
| | § | (Consolidated Case) |
| Plaintiff, | § | |
| | § | Jury Trial Requested |
| v. | § | |
| | § | |
| MOTOROLA MOBILITY LLC, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT MOTOROLA MOBILITY LLC'S ANSWER TO
SAINT LAWRENCE COMMUNICATIONS LLC'S COMPLAINT
FOR PATENT INFRINGEMENT AND COUNTERCLAIMS**

Defendant Motorola Mobility LLC ("Motorola" or "Defendant"), answers the Complaint

for Patent Infringement ("Complaint") filed by Plaintiff Saint Lawrence Communications LLC

("SLC" or "Plaintiff"), and asserts the Counterclaims set forth below.  Motorola denies the

allegations or characterizations in SLC's Complaint unless expressly admitted below:

**THE PARTIES**

1.        Motorola lacks sufficient knowledge or information to form a belief as to the truth

of the allegations set forth in Paragraph 1 of the Complaint, and therefore denies them.

2.       Motorola admits that it is a corporation organized and existing under the laws of the state of Delaware, but denies the remaining allegations set forth in Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3.       Defendant admits that this action purports to arise under the patent laws of the United States, and that the Court has original jurisdiction over patent infringement actions, but denies that Plaintiff is entitled to any relief.

4.       Defendant denies that it has committed acts of infringement in the Eastern District of Texas or any other judicial district.  Defendant also denies that venue in the Eastern District of Texas is proper.  Defendant denies any remaining allegations set forth in Paragraph 4 of the Complaint.

## SUMMARY

5.       Defendant lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint and, therefore, denies them.

6.       Defendant lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint and, therefore, denies them.

7.        Defendant lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Complaint and, therefore, denies them.

8.       Defendant lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint and, therefore, denies them.

9.       Defendant lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Complaint and, therefore, denies them.

10.      Defendant lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint and, therefore, denies them.

11.     Defendant lacks sufficient information to form a belief as to the truth of the allegations as to the relationship between VoiceAge Corporation ("VoiceAge") and SLC, or correspondence between LG affiliates and SLC, and therefore, denies all such allegations. Motorola admits that it is aware of pending lawsuits in Germany against Deutsche Telekom and Vodafone filed by Saint Lawrence Communications GmbH.  Defendant denies all remaining allegations of Paragraph 11 of the Complaint.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 6,795,805

12.     Defendant admits that U.S. Patent No. 6,795,805 ("the '805 Patent") on its face states an issue date of September 21, 2004 and is entitled "Periodicity Enhancement in Decoding Wideband Signals."   Defendant denies the remaining allegations of Paragraph 12 of the Complaint.

13.     Defendant denies the allegations set forth in Paragraph 13 of the Complaint.

14.     Defendant denies the allegations set forth in Paragraph 14 of the Complaint.

15.     Defendant admits that the '805 Patent was cited by the examiner during the prosecution of WO2008076534A2.  Defendant denies the remaining allegations set forth in Paragraph 15 of the Complaint.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 6,807,524

16.     Defendant admits that U.S. Patent No. 6,807,524 ("the '524 Patent") on its face states an issue date of October 19, 2004 and is entitled "Perceptual Weighting Device and Method for Efficient Coding of Wideband Signals."  Defendant denies the remaining allegations of Paragraph 16 of the Complaint.

17.     Defendant denies the allegations set forth in Paragraph 17 of the Complaint.

18.     Defendant denies the allegations set forth in Paragraph 18 of the Complaint.

3

19.     Defendant admits that the '524 Patent was cited during the prosecution of the US 13/439,121 application and the US 13/667,001 application.  Defendant denies the remaining allegations set forth in Paragraph 19 of the Complaint.

## COUNT III: INFRINGEMENT OF U.S. PATENT NO. 7,151,802

20.     Defendant admits that U.S. Patent No. 7,151,802 ("the '802 Patent") on its face states an issue date of December 19, 2006 and is entitled "High Frequency Content Recovering Method and Device for Over-Sampled Synthesized Wideband Signal."  Defendant denies the remaining allegations of Paragraph 20 of the Complaint.

21.     Defendant denies the allegations set forth in Paragraph 21 of the Complaint.

22.     Defendant denies the allegations set forth in Paragraph 22 of the Complaint.

23.     Defendant denies the allegations set forth in Paragraph 23 of the Complaint.

## COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 7,260,521

24.     Defendant admits that U.S. Patent No. 7,260,521 ("the '521 Patent") on its face states an issue date of August 21, 2007 and is entitled "Method and Device for Adaptive Bandwidth Pitch Search in Coding Wideband Signals."  Defendant denies the remaining allegations of Paragraph 24 of the Complaint.

25.     Defendant denies the allegations set forth in Paragraph 25 of the Complaint.

26.     Defendant denies the allegations set forth in Paragraph 26 of the Complaint.

27.     Defendant denies the allegations set forth in Paragraph 27 of the Complaint.

## COUNT V: INFRINGEMENT OF U.S. PATENT NO. 7,191,123

28.     Defendant admits that U.S. Patent No. 7,191,123 ("the '123 Patent") on its face states an issue date of March 13, 2007 and is entitled "Gain-Smoothing in Wideband Speech and Audio Signal Decoder." Defendant denies the remaining allegations of Paragraph 28 of the Complaint.

29.     Defendant denies the allegations set forth in Paragraph 29 of the Complaint.

30.     Defendant denies the allegations set forth in Paragraph 30 of the Complaint.

31.     Defendant denies the allegations set forth in Paragraph 31 of the Complaint.

## JURY DEMAND

32.     SLC's demand for a trial by jury does not require a response by Defendant.

## RESPONSE TO SLC'S PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any relief whatsoever, including but not limited to the relief sought in Paragraphs A through E of SLC's Prayer for Relief.

## AFFIRMATIVE DEFENSES

Motorola asserts the following Affirmative Defenses in response to SLC's Complaint and SLC's assertion of infringement of the '805, '524, '802, '521 and '123 Patents (individually and collectively, "the Asserted Patents").  Motorola reserves the right to amend its currently pled defenses and/or assert additional defenses as they become apparent through discovery.  Assertion of a defense is not a concession that Motorola has the burden of proving the matter asserted.

## FIRST AFFIRMATIVE DEFENSE

33.     SLC's Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

34.     Motorola has not infringed, and does not infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the Asserted Patents, whether directly, indirectly, individually, joint, contributorily, and/or by inducement.

## THIRD AFFIRMATIVE DEFENSE

35.     The claims of the Asserted Patents are invalid and/or unenforceable at least because they fail to meet one or more of the requirements or conditions for patentability under Title 35 of the United States Code, including without limitation, §§ 101, 102, 103, and/or 112.

## FOURTH AFFIRMATIVE DEFENSE

36.     SLC's claims for relief are statutorily limited in whole or part by Title 35 of the United States Code, including without limitation 35 U.S.C. § 286 and/or 35 U.S.C. § 287.

## FIFTH AFFIRMATIVE DEFENSE

37.     SLC's claim for damages may also be limited by FRAND principles to the extent SLC contends the Asserted Patents are standard essential and SLC or its alleged predecessor(s)-in-interest to the Asserted Patents (including VoiceAge) participated in the relevant standardization processes and/or submitted a declaration covering one or more of the Asserted Patents to the relevant standards bodies.

## SIXTH AFFIRMATIVE DEFENSE

38.     35 U.S.C. § 288 bars SLC from recovering costs associated with this action.

## SEVENTH AFFIRMATIVE DEFENSE

39.     SLC's claims are barred, in whole or part, by an express or implied license, and/or the equitable doctrines of acquiescence, estoppel, patent misuse, unclean hands, and/or the doctrine of patent exhaustion.

## EIGHTH AFFIRMATIVE DEFENSE

40.     SLC's claims are barred by the doctrine of prosecution history estoppel based on statements, representations, and admissions made during the prosecution of the patent applications resulting in the Asserted Patents before the United States Patent and Trademark Office and/or during the prosecution of related patent applications.

## NINTH AFFIRMATIVE DEFENSE

41.     SLC's claims are barred in whole or in part by laches, waiver and/or estoppel.

42.     On information and belief, SLC and alleged predecessor(s)-in-interest to the Asserted Patents (including VoiceAge) have been aware for many years that Motorola and others

were developing, manufacturing, marketing and/or selling products that operate in accordance with certain portions of certain relevant AMR-WB standards.

43.     SLC and the alleged predecessor(s)-in-interest to the Asserted Patents (including VoiceAge) have inexcusably and unreasonably delayed in bringing a patent infringement action against Motorola.  Their delay has resulted in material prejudice to Motorola.

## TENTH AFFIRMATIVE DEFENSE

44.     SLC lacks standing to pursue some or all of its claims against Motorola.

45.     On information and belief, the Université de Sherbrooke filed Canadian Patent Application No. 2252170 ("the '170 application") on October 27, 1998 and identified itself as the owner of the invention.  Each of the asserted '805, '524, '802, and '521 Patents on its face states that it claims priority to the '170 application.  On information and belief, subject to further discovery, the Université de Sherbrooke owns some or all rights in at least the asserted '805, '524, '802, and '521 Patents.  As a result, SLC does not own all of the rights in at least the '805, '524, '802, and '521 Patents, and therefore lacks standing to pursue its claims for infringement of those patents.

## ELEVENTH AFFIRMATIVE DEFENSE

46.     Motorola incorporates the allegations set forth in Paragraph 45, above.  On information and belief, subject to further discovery, and in the alternative, SLC's claims are barred in whole or in part because it has failed to name all necessary parties to this action.

## TWELFTH AFFIRMATIVE DEFENSE

47.     Plaintiff is not entitled to injunctive relief because any injury to it is not immediate or irreparable, and Plaintiff has an adequate remedy at law for any claims it asserts.

## THIRTEENTH AFFIRMATIVE DEFENSE

48.     This is an exceptional case under 35 U.S.C. § 285.

## MOTOROLA'S COUNTERCLAIMS FOR DECLARATORY RELIEF

Motorola alleges the following counterclaims against SLC:

## PARTIES

1.      Motorola Mobility LLC is a limited liability corporation formed under the laws of the state of Delaware, having a principal place of business at 222 W. Merchandise Mart Plaza, Chicago, Illinois 60654.

2.      On information and belief based on Paragraph 1 of the Complaint as pled by SLC, SLC is a Texas limited liability corporation with a principal place of business at 2400 Dallas Parkway, Suite 200, Plano, Texas 75093.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201-02.  An actual controversy exists between Motorola and SLC regarding the non-infringement and invalidity of U.S. Patent Nos. 6,795,805 ("the '805 Patent"), 6,807,524 ("the '524 Patent"), 7,151,802 ("the '802 Patent"), 7,260,521 ("the '521 Patent") and 7,191,123 ("the '123 Patent") (individually and collectively, "the Asserted Patents"), based upon SLC's allegations against Motorola in this action.

4.      SLC has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in its Complaint.

5.      By virtue of its filing this action, SLC has also consented that venue is permissible in this District pursuant to at least 28 U.S.C. §§ 1391(c) and 1400.  By asserting these counterclaims, Motorola does not waive, and instead expressly preserves, its objection to venue with respect to SLC's Complaint in this action.

## COUNTERCLAIM COUNT I
## DECLARATION OF NON-INFRINGEMENT OF THE '805 PATENT

6.      Motorola incorporates its allegations in Counterclaim Paragraphs 1 through 5 as though fully set forth herein.

7.      An actual controversy exists between Motorola and SLC regarding the alleged infringement of the '805 Patent.

8.      Motorola has not and is not now infringing any claim of the '805 Patent under any theory, including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

9.      Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., Motorola requests a declaration by the Court that Motorola has not infringed, and does not infringe, any valid and enforceable claim of the '805 Patent, whether directly, indirectly, individually, jointly, contributorily, and/or by inducement.

## COUNTERCLAIM COUNT II
## DECLARATION OF NON-INFRINGEMENT OF THE '524 PATENT

10.      Motorola incorporates its allegations in Counterclaim Paragraphs 1 through 9 as though fully set forth herein.

11.      An actual controversy exists between Motorola and SLC regarding the alleged infringement of the '524 Patent.

12.      Motorola has not and is not now infringing any claim of the '524 Patent under any theory, including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

13.      Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., Motorola requests a declaration by the Court that Motorola has not infringed, and does not infringe, any valid and enforceable claim of the '524 Patent, whether directly, indirectly,

individually, jointly, contributorily, and/or by inducement.

**COUNTERCLAIM COUNT III**
**DECLARATION OF NON-INFRINGEMENT OF THE '802 PATENT**

14.     Motorola incorporates its allegations in Counterclaim Paragraphs 1 through 13 as though fully set forth herein.

15.     An actual controversy exists between Motorola and SLC regarding the alleged infringement of the '802 Patent.

16.     Motorola has not and is not now infringing any claim of the '802 Patent under any theory, including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

17.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Motorola requests a declaration by the Court that Motorola has not infringed, and does not infringe, any valid and enforceable claim of the '802 Patent, whether directly, indirectly, individually, jointly, contributorily, and/or by inducement.

**COUNTERCLAIM COUNT IV**
**DECLARATION OF NON-INFRINGEMENT OF THE '521 PATENT**

18.     Motorola incorporates its allegations in Counterclaim Paragraphs 1 through 17 as though fully set forth herein.

19.     An actual controversy exists between Motorola and SLC regarding the alleged infringement of the '521 Patent.

20.     Motorola has not and is not now infringing any claim of the '521 Patent under any theory, including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

21.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Motorola requests a declaration by the Court that Motorola has not infringed, and does not

infringe, any valid and enforceable claim of the '521 Patent, whether directly, indirectly, individually, jointly, contributorily, and/or by inducement.

## COUNTERCLAIM COUNT V
## DECLARATION OF NON-INFRINGEMENT OF THE '123 PATENT

22.     Motorola incorporates its allegations in Counterclaim Paragraphs 1 through 21 as though fully set forth herein.

23.     An actual controversy exists between Motorola and SLC regarding the alleged infringement of the '123 Patent.

24.     Motorola has not and is not now infringing any claim of the '123 Patent under any theory, including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

25.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., Motorola requests a declaration by the Court that Motorola has not infringed, and does not infringe, any valid and enforceable claim of the '123 Patent, whether directly, indirectly, individually, jointly, contributorily, and/or by inducement.

## COUNTERCLAIM COUNT VI
## JUDGMENT OF INVALIDITY OF THE '805 PATENT

26.     Motorola incorporates its allegations in Counterclaim Paragraphs 1 through 25 as though fully set forth herein.

27.      An actual controversy exists between Motorola and SLC as to the validity of the claims of the '805 Patent.

28.     The claims of the '805 Patent are invalid because the alleged inventions fail to satisfy the conditions for patentability specified in 35 U.S.C. § 100 *et seq*., including §§ 101, 102, 103, and/or 112.

29.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., and

Title 35 of the United States Code, Motorola requests a declaration by the Court that the claims of the '805 Patent are invalid for failing to satisfy the conditions for patentability specified in 35 U.S.C. § 101 *et seq.*, including, without limitation, §§ 101, 102, 103, and/or 112.

**COUNTERCLAIM COUNT VII**
**JUDGMENT OF INVALIDITY OF THE '524 PATENT**

30.     Motorola incorporates its allegations in Counterclaim Paragraphs 1 through 29 as though fully set forth herein.

31.      An actual controversy exists between Motorola and SLC as to the validity of the claims of the '524 Patent.

32.     The claims of the '524 Patent are invalid because the alleged inventions fail to satisfy the conditions for patentability specified in 35 U.S.C. § 100 *et seq.*, including §§ 101, 102, 103, and/or 112.

33.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and Title 35 of the United States Code, Motorola requests a declaration by the Court that the claims of the '524 Patent are invalid for failing to satisfy the conditions for patentability specified in 35 U.S.C. § 101 *et seq.*, including, without limitation, §§ 101, 102, 103, and/or 112.

**COUNTERCLAIM COUNT VIII**
**JUDGMENT OF INVALIDITY OF THE '802 PATENT**

34.     Motorola incorporates its allegations in Counterclaim Paragraphs 1 through 33 as though fully set forth herein.

35.      An actual controversy exists between Motorola and SLC as to the validity of the claims of the '802 Patent.

36.     The claims of the '802 Patent are invalid because the alleged inventions fail to satisfy the conditions for patentability specified in 35 U.S.C. § 100 *et seq.*, including §§ 101, 102, 103, and/or 112.

37.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., and Title 35 of the United States Code, Motorola requests a declaration by the Court that the claims of the '802 Patent are invalid for failing to satisfy the conditions for patentability specified in 35 U.S.C. § 101 *et seq.*, including, without limitation, §§ 101, 102, 103, and/or 112.

<u>COUNTERCLAIM COUNT IX</u>
**JUDGMENT OF INVALIDITY OF THE '521 PATENT**

38.     Motorola incorporates its allegations in Counterclaim Paragraphs 1 through 37 as though fully set forth herein.

39.      An actual controversy exists between Motorola and SLC as to the validity of the claims of the '521 Patent.

40.     The claims of the '521 Patent are invalid because the alleged inventions fail to satisfy the conditions for patentability specified in 35 U.S.C. § 100 *et seq*., including §§ 101, 102, 103, and/or 112.

41.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., and Title 35 of the United States Code, Motorola requests a declaration by the Court that the claims of the '521 Patent are invalid for failing to satisfy the conditions for patentability specified in 35 U.S.C. § 101 *et seq.*, including, without limitation, §§ 101, 102, 103, and/or 112.

<u>COUNTERCLAIM COUNT X</u>
**JUDGMENT OF INVALIDITY OF THE '123 PATENT**

42.     Motorola incorporates its allegations in Counterclaim Paragraphs 1 through 41 as though fully set forth herein.

43.      An actual controversy exists between Motorola and SLC as to the validity of the claims of the '123 Patent.

44.     The claims of the '123 Patent are invalid because the alleged inventions fail to satisfy the conditions for patentability specified in 35 U.S.C. § 100 *et seq*., including §§ 101,

102, 103, and/or 112.

45.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., and Title 35 of the United States Code, Motorola requests a declaration by the Court that the claims of the '123 Patent are invalid for failing to satisfy the conditions for patentability specified in 35 U.S.C. § 101 *et seq.*, including, without limitation, §§ 101, 102, 103, and/or 112.

## PRAYER FOR RELIEF

WHEREFORE, Motorola respectfully requests that the Court enter a judgment in Motorola's favor against SLC and issue an order that includes:

(a)     A declaration that Motorola has not infringed, and does not infringe, either directly, indirectly, or otherwise, any valid and enforceable claim of the Asserted Patents;

(b)     A declaration that the claims of the Asserted Patents are invalid;

(c)     Judgment against SLC and in favor of Motorola;

(d)     A declaration that SLC take nothing by it Complaint;

(e)     Dismissal of SLC's Complaint with prejudice;

(f)     A declaration that this case is exceptional and an award to Motorola of its costs, expenses and reasonable attorneys' fees incurred in this action; and

(g)     Further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Motorola demands a trial by jury for all issues so triable.

Dated:  September 1, 2015                Respectfully submitted:

*/s/ Joseph M. Drayton*

Michael G. Rhodes (Lead Counsel)
CA Bar No. 116127
Cooley LLP
101 California St., 5th Floor
San Francisco, CA 94111-580
Tel: (415) 693-2000
Fax: (415) 693-2222
Email: rhodesmg@cooley.com

Joseph M. Drayton (*pro hac vice*)
NY Bar No. 2875318
Cooley LLP
The Grace Building
1114 Avenue of the Americas
46th Fl.
New York, NY 10036-7798
Tel: 212-479-6000
Fax: 212-479-6275
Email: jdrayton@cooley.com

Rose S. Whelan
DC Bar No. 999367
Cooley LLP
1299 Pennsylvania Ave NW
Washington, DC 20004
Tel: (202) 842-7800
Fax: (202) 842-7899
Email: rwhelan@cooley.com

Deron R. Dacus
Texas Bar No. 00790553
The Dacus Firm LLP
821 ESE Loop 323, Suite 430
Tyler, TX  75701
Tel: (903) 705-1117
Fax: (903) 581-2543
Email: ddacus@dacusfirm.com

**Attorneys For Defendant Motorola Mobility LLC**

15

**CERTIFICATE OF SERVICE**

I, Joseph Drayton, do hereby certify that on this 1st day of September, 2015, I caused a true and correct copy of the foregoing **DEFENDANT MOTOROLA MOBILITY LLC'S ANSWER TO SAINT LAWRENCE COMMUNICATIONS LLC'S COMPLAINT FOR PATENT INFRINGEMENT AND COUNTERCLAIMS** to be electronically filed with Clerk of the Court using CM/ECF which will send notification to all registered attorneys of record.

*/s/ Joseph M. Drayton*