**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **SAINT LAWRENCE COMMUNICATIONS LLC,** | § § § | **Case No. 2:15-cv-00349-JRG (Lead Case)** |
| **Plaintiff,** | § § | **JURY TRIAL DEMANDED** |
| **v.** | § § | |
| **ZTE CORPORATION, ZTE USA, INC., and ZTE (TX) INC.,** | § § § | |
| **Defendants.** | § § § | |
| **SAINT LAWRENCE COMMUNICATIONS LLC,** | § § § | **Case No. 2:15-cv-00351-JRG (Consolidated Case)** |
| **Plaintiff,** | § § | **JURY TRIAL DEMANDED** |
| **v.** | § § | |
| **MOTOROLA MOBILITY LLC,** | § § § | |
| **Defendants.** | § § | |

## PLAINTIFF SAINT LAWRENCE COMMUNICATIONS LLC'S ANSWER TO DEFENDANT MOTOROLA MOBILITY LLC'S COUNTERCLAIMS

Plaintiff Saint Lawrence Communications LLC ("St. Lawrence" or "SLC") by and through its undersigned counsel, files this Answer to Counterclaims filed by Defendant Motorola Mobility LLC ("Motorola"). St. Lawrence answers Motorola's counterclaims using the same paragraph numbers used in Motorola's pleading.

## MOTOROLA'S COUNTERCLAIMS FOR DECLARATORY RELIEF

Motorola alleges the following counterclaims against SLC:

**SLC's Answer:** SLC repeats and re-alleges and incorporates herein the allegations and claims contained in SLC's Complaint. SLC admits that Motorola purports to state counterclaims but denies that Motorola is entitled to any relief with respect to its counterclaims.

## PARTIES

1.      Motorola Mobility LLC is a limited liability corporation formed under the laws of the state of Delaware, having a principal place of business at 222 W. Merchandise Mart Plaza, Chicago, Illinois 60654.

**SLC's Answer:** SLC admits that Motorola Mobility LLC is a limited liability corporation formed under the laws of the state of Delaware, having a principal place of business at 222 W. Merchandise Mart Plaza, Chicago, Illinois 60654.

2.      On information and belief based on Paragraph 1 of the Complaint as pled by SLC, SLC is a Texas limited liability company having a principal place of business at 2400 Dallas Parkway, Suite 200, Plano, Texas 75093.

**SLC's Answer:** SLC admits that it is a Texas limited liability company having a principal place of business at 2400 Dallas Parkway, Suite 200, Plano, Texas 75093.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201-02. An actual controversy exists between Motorola and SLC regarding the non-infringement and invalidity of U.S. Patent Nos. 6,795,805 ("the '805 Patent"), 6,807,524 ("the '524 Patent"), 7,151,802 ("the '802 Patent"), 7,260,521 ("the '521 Patent") and 7,191,123 ("the '123 Patent") (individually and collectively, "the Asserted Patents"), based upon SLC's allegations against Motorola in this action.

**SLC's Answer:** SLC admits that this Court has jurisdiction over the subject matter of Motorola's Counterclaims and admits that an actual controversy exists between Motorola and SLC regarding the purported non-infringement and invalidity of the Asserted Patents.

4.     SLC has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in its Complaint.

**SLC's Answer:** SLC admits that this Court has jurisdiction over SLC with respect to Motorola's counterclaims.

5.     By virtue of its filing this action, SLC has also consented that venue is permissible in this District pursuant to at least 28 U.S.C. §§ 1391(c) and 1400. By asserting these counterclaims, Motorola does not waive, and instead expressly preserves, its objection to venue with respect to SLC's Complaint in this action.

**SLC's Answer:** SLC admits that venue in this District is proper with respect to Motorola's counterclaims.  SLC denies that Motorola has a colorable objection to venue with respect to SLC's Complaint in this action.

## <u>COUNTERCLAIM I</u>
## <u>DECLARATION OF NON-INFRINGEMENT OF THE '805 PATENT</u>

6.     Motorola incorporates its allegations in Counterclaim Paragraphs 1 through 5 as though fully set forth herein.

**SLC's Answer:** SLC restates and incorporates by reference its responses to Paragraphs 1-5 of Motorola's Counterclaims.

7.     An actual controversy exists between Motorola and SLC regarding the alleged infringement of the '805 Patent.

**SLC's Answer:** Admitted.

8.     Motorola has not and is not now infringing any claim of the '805 Patent under any theory, including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

**SLC's Answer:** Denied.

9.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 1201 *et seq.,* Motorola requests a declaration by the Court that Motorola has not infringed, and does not infringe, any valid and enforceable claim of the '805 Patent, whether directly, indirectly, individually, jointly, contributorily, and/or by inducement.

**SLC's Answer:** SLC admits that Motorola requests a declaration by the Court, but denies that Motorola is entitled to such a declaration.

**COUNTERCLAIM II**
**DECLARATION OF NON-INFRINGEMENT OF THE '524 PATENT**

10.     Motorola incorporates its allegations in Counterclaim Paragraphs 1 through 9 as though fully set forth herein.

**SLC's Answer:** SLC restates and incorporates by reference its responses to the Paragraphs 1-9 of Motorola's Counterclaims.

11.     An actual controversy exists between Motorola and SLC regarding the alleged infringement of the '524 Patent.

**SLC's Answer:** Admitted.

12.     Motorola has not and is not now infringing any claim of the '524 Patent under any theory, including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

**SLC's Answer:** Denied.

13.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 1201 *et seq.,* Motorola requests a declaration by the Court that Motorola has not infringed, and does not infringe, any valid and enforceable claim of the '524 Patent, whether directly, indirectly, individually, jointly, contributorily, and/or by inducement.

**SLC's Answer:** SLC admits that Motorola requests a declaration by the Court, but denies that Motorola is entitled to such a declaration.

## COUNTERCLAIM III
## DECLARATION OF NON-INFRINGEMENT OF THE '802 PATENT

14.     Motorola incorporates its allegations in Counterclaim Paragraphs 1 through 13 as though fully set forth herein.

**SLC's Answer:** SLC restates and incorporates by reference its responses to the Paragraphs 1-13 of Motorola's Counterclaims.

15.     An actual controversy exists between Motorola and SLC regarding the alleged infringement of the '802 Patent.

**SLC's Answer:** Admitted.

16.     Motorola has not and is not now infringing any claim of the '802 Patent under any theory, including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

**SLC's Answer:** Denied.

17.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 1201 *et seq.,* Motorola requests a declaration by the Court that Motorola has not infringed, and does not infringe, any valid and enforceable claim of the '802 Patent, whether directly, indirectly, individually, jointly, contributorily, and/or by inducement.

**SLC's Answer:** SLC admits that Motorola requests a declaration by the Court, but denies that Motorola is entitled to such a declaration.

<u>**COUNTERCLAIM IV**</u>
**DECLARATION OF NON-INFRINGEMENT OF THE '521 PATENT**

18.     Motorola incorporates its allegations in Counterclaim Paragraphs 1 through 17 as though fully set forth herein.

**SLC's Answer:** SLC restates and incorporates by reference its responses to the Paragraphs 1-17 of Motorola's Counterclaims.

19.     An actual controversy exists between Motorola and SLC regarding the alleged infringement of the '521 Patent.

**SLC's Answer:** Admitted

20.     Motorola has not and is not now infringing any claim of the '521 Patent under any theory, including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

**SLC's Answer:** Denied.

21.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 1201 *et seq.,* Motorola requests a declaration by the Court that Motorola has not infringed, and does not infringe, any valid and enforceable claim of the '521 Patent, whether directly, indirectly, individually, jointly, contributorily, and/or by inducement.

**SLC's Answer:** SLC admits that Motorola requests a declaration by the Court, but denies that Motorola is entitled to such a declaration.

## COUNTERCLAIM V
## DECLARATION OF NON-INFRINGEMENT OF THE '123 PATENT

22.     Motorola incorporates its allegations in Counterclaim Paragraphs 1 through 21 as though fully set forth herein.

**SLC's Answer:** SLC restates and incorporates by reference its responses to the Paragraphs 1-21 of Motorola's Counterclaims.

23.     An actual controversy exists between Motorola and SLC regarding the alleged infringement of the '123 Patent.

**SLC's Answer:** Admitted.

24.     Motorola has not and is not now infringing any claim of the '123 Patent under any theory, including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

**SLC's Answer:** Denied.

25.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 1201 *et seq.,* Motorola requests a declaration by the Court that Motorola has not infringed, and does not infringe, any valid and enforceable claim of the '802 Patent, whether directly, indirectly, individually, jointly, contributorily, and/or by inducement.

**SLC's Answer:** SLC admits that Motorola requests a declaration by the Court, but denies that Motorola is entitled to such a declaration.

## COUNTERCLAIM VI
## JUDGMENT OF INVALIDITY OF THE '805 PATENT

26.     Motorola incorporates its allegations in Counterclaim Paragraphs 1 through 25 as though fully set forth herein.

**SLC's Answer:** SLC restates and incorporates by reference its responses to the Paragraphs 1-25 of Motorola's Counterclaims.

27.     An actual controversy exists between Motorola and SLC as to the validity of the claims of the '805 Patent.

**SLC's Answer:** Admitted.

28.     The claims of the '805 Patent are invalid because the alleged inventions fail to satisfy the conditions for patentability specified in 35 U.S.C. § 100 *et seq.,* including §§ 101, 102, 103, and/or 112.

**SLC's Answer:** Denied.

29.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 1201 *et seq.,* and Title 35 of the United States Code, Motorola requests a declaration by the Court that the claims of the '805 Patent are invalid for failing to satisfy the conditions for patentability specified in 35 U.S.C. § 101 *et set.,* including, without limitation, §§ 101, 102, 103, and/or 112.

**SLC's Answer:** SLC admits that Motorola requests a declaration by the Court, but denies that Motorola is entitled to such a declaration.

## COUNTERCLAIM VII
## JUDGMENT OF INVALIDITY OF THE '524 PATENT

30.     Motorola incorporates its allegations in Counterclaim Paragraphs 1 through 29 as though fully set forth herein.

**SLC's Answer:** SLC restates and incorporates by reference its responses to the Paragraphs 1-29 of Motorola's Counterclaims.

31.     An actual controversy exists between Motorola and SLC as to the validity of the claims of the '524 Patent.

**SLC's Answer:** Admitted.

32.     The claims of the '524 Patent are invalid because the alleged inventions fail to satisfy the conditions for patentability specified in 35 U.S.C. § 100 et seq., including §§ 101, 102, 103, and/or 112.

**SLC's Answer:** Denied.

33.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 1201 *et seq.,* and Title 35 of the United States Code, Motorola requests a declaration by the Court that the claims of the '805 Patent are invalid for failing to satisfy the conditions for patentability specified in 35 U.S.C. § 101 *et set.,* including, without limitation, §§ 101, 102, 103, and/or 112.

**SLC's Answer:** SLC admits that Motorola requests a declaration by the Court, but denies that Motorola is entitled to such a declaration.

<u>**COUNTERCLAIM VIII**</u>
**JUDGMENT OF INVALIDITY OF THE '802 PATENT**

34.     Motorola incorporates its allegations in Counterclaim Paragraphs 1 through 33 as though fully set forth herein.

**SLC's Answer:** SLC restates and incorporates by reference its responses to the Paragraphs 1-33 of Motorola's Counterclaims.

35.     An actual controversy exists between Motorola and SLC as to the validity of the claims of the '802 Patent.

**SLC's Answer:** Admitted.

36.     The claims of the '802 Patent are invalid because the alleged inventions fail to satisfy the conditions for patentability specified in 35 U.S.C. § 100 et seq., including §§ 101, 102, 103, and/or 112.

**SLC's Answer:** Denied.

37.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 1201 *et seq.,* and Title 35 of the United States Code, Motorola requests a declaration by the Court that the claims of the '802 Patent are invalid for failing to satisfy the conditions for patentability specified in 35 U.S.C. § 101 *et set.,* including, without limitation, §§ 101, 102, 103, and/or 112.

**SLC's Answer:** SLC admits that Motorola requests a declaration by the Court, but denies that Motorola is entitled to such a declaration.

**COUNTERCLAIM IX**
**JUDGMENT OF INVALIDITY OF THE '521 PATENT**

38.     Motorola incorporates its allegations in Counterclaim Paragraphs 1 through 37 as though fully set forth herein.

**SLC's Answer:** SLC restates and incorporates by reference its responses to the Paragraphs 1-37 of Motorola's Counterclaims.

39.     An actual controversy exists between Motorola and SLC as to the validity of the claims of the '521 Patent.

**SLC's Answer:** Admitted.

40.     The claims of the '521 Patent are invalid because the alleged inventions fail to satisfy the conditions for patentability specified in 35 U.S.C. § 100 et seq., including §§ 101, 102, 103, and/or 112.

**SLC's Answer:** Denied.

41.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 1201 *et seq.,* and Title 35 of the United States Code, Motorola requests a declaration by the Court that the claims of the '521 Patent are invalid for failing to satisfy the conditions for patentability specified in 35 U.S.C. § 101 *et set.,* including, without limitation, §§ 101, 102, 103, and/or 112.

**SLC's Answer:** SLC admits that Motorola requests a declaration by the Court, but denies that Motorola is entitled to such a declaration.

## COUNTERCLAIM X
## JUDGMENT OF INVALIDITY OF THE '123 PATENT

42.     Motorola incorporates its allegations in Counterclaim Paragraphs 1 through 41 as though fully set forth herein.

**SLC's Answer:** SLC restates and incorporates by reference its responses to the Paragraphs 1-41 of Motorola's Counterclaims.

43.     An actual controversy exists between Motorola and SLC as to the validity of the claims of the '123 Patent.

**SLC's Answer:** Admitted.

44.     The claims of the '123 Patent are invalid because the alleged inventions fail to satisfy the conditions for patentability specified in 35 U.S.C. § 100 et seq., including §§ 101, 102, 103, and/or 112.

**SLC's Answer:** Denied.

45.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 1201 *et seq.,* and Title 35 of the United States Code, Motorola requests a declaration by the Court that the claims of the '123 Patent are invalid for failing to satisfy the conditions for patentability specified in 35 U.S.C. § 101 *et set.,* including, without limitation, §§ 101, 102, 103, and/or 112.

**SLC's Answer:** SLC admits that Motorola requests a declaration by the Court, but denies that Motorola is entitled to such a declaration.

## PRAYER FOR RELIEF

WHEREFORE, Motorola respectfully requests that the Court enter a judgment in Motorola's favor against SLC and issue and order that includes:

(a)     A declaration that Motorola has not infringed, and does not infringe, either directly, indirectly, or otherwise, any valid and enforceable claim of the Asserted Patents;

(b)     A declaration that the claims of the Asserted Patents are invalid;

(c)     Judgment against SLC and in favor of Motorola;

(d)     A declaration that SLC take nothing by it Complaint;

(e)     Dismissal of SLC's Complaint with prejudice;

(f)     A declaration that this case is exceptional and an award to Motorola of its costs, expenses and reasonable attorneys' fees incurred in this action; and

(g)     Further relief as the Court may deem just and proper.

**SLC's Answer:** SLC denies that Motorola is entitled to judgment in its favor or any relief requested in its Prayer for Relief, and requests that the Court deny Motorola's requested relief and award SLC the relief requested in SLC's Complaint.

## DEMAND FOR JURY TRIAL

Motorola demands a trial by jury on all issues so triable.

**SLC's Answer:** SLC admits that Motorola demands a jury trial of all issues triable to a jury in this action.

Dated: September 22, 2015                              Respectfully submitted,

                                                      /s/  Brian E. Simmons
                                                      Demetrios Anaipakos
                                                      Texas Bar No. 00793258
                                                      danaipakos@azalaw.com
                                                      Amir Alavi
                                                      Texas Bar No. 00793239
                                                      aalavi@azalaw.com
                                                      Alisa Lipski
                                                      Texas Bar No. 24041345
                                                      alipski@azalaw.com
                                                      Brian E. Simmons
                                                      Texas Bar No. 24004922

bsimmons@azalaw.com
Michael McBride
Texas Bar No. 24065700
mmcbride@azalaw.com
Masood Anjom
Texas Bar No. 24055107
manjom@azalaw.com
Ahmad, Zavitsanos, Anaipakos, Alavi &
Mensing, P.C.
1221 McKinney Street, Suite 3460
Houston, TX 77010
Telephone: 713-655-1101
Facsimile: 713-655-0062

**ATTORNEYS FOR PLAINTIFF SAINT
LAWRENCE COMMUNICATIONS
LLC**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was filed electronically in compliance with Local Rules CV-5(a) on September 22, 2015. As such, this document was served on all counsel of record pursuant to Local Rules CV-5(a)(3)(A) and the Federal Rules of Civil Procedure.

/s/ *Brian E. Simmons*
Brian E. Simmons