# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| SAINT LAWRENCE COMMUNICATIONS LLC | § § | |
| Plaintiff, | § § | |
| v. | § | |
| ZTE CORPORATION ET AL | § | 2:15-cv-00349-JRG (Lead Case) |
| MOTOROLA MOBILITY LLC | § | 2:15-cv-00351-JRG |

## AMENDED DOCKET CONTROL ORDER

Before the Court is the Joint Motion to Amend the Docket Control Order (Dkt. 93). Having considered the Motion to Amend the Docket Control Order the Court Orders that the Joint Motion is Granted and the current Docket Control Order (Dkt. No. 93) be amended as follows:

| **Current Date** | **New Date** | **Description** |
|---|---|---|
| July 11, 2016 | December 5, 2016 | *Jury Selection - 9:00 a.m. in **Marshall, Texas** |
| June 13, 2016 | November 7, 2016 | *Pretrial Conference – 9:00 a.m. in **Marshall, Texas** before Judge Rodney Gilstrap |
| June 8, 2016 | November 2, 2016 | *Notify Court of Agreements Reached During Meet and Confer.<br><br>The parties are ordered to meet and confer on any outstanding objections or motions *in Limine*. The parties shall advise the Court of any agreements reached no later than 1:00 p.m. three (3) business days before the pretrial conference. |
| June 6, 2016 | October 31, 2016 | *File Joint Pretrial Order, Joint Proposed Jury Instructions, Joint |

| | | |
|---|---|---|
| | | Proposed Verdict Form, and Responses to Motions *in Limine* |
| May 30, 2016 | October 24, 2016 | *File Notice of Request for Daily Transcript or Real Time Reporting.<br><br>If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and e-mail the Court Reporter, Shelly Holmes, at shelly_holmes@txed.uscourts.gov |
| May 23, 2016 | October 17, 2016 | File Motions *in Limine*<br><br>The parties shall limit their motions *in limine* to issues that if improperly introduced at trial would be so prejudicial that the Court could not alleviate the prejudice by giving appropriate instructions to the jury. |
| May 23, 2016 | October 17, 2016 | Serve Objections to Rebuttal Pretrial Disclosures |
| May 16, 2016 | October 3, 2016 | Serve Objections to Pretrial Disclosures; and Serve Rebuttal Pretrial Disclosures |
| May 2, 2016 | September 26, 2016 | Serve Pretrial Disclosures (Witness List, Deposition Designations, and Exhibit List) by the Party with the Burden of Proof |
| April 18, 2016 | August 29, 2016 | *File Dispositive Motions or Motions to Strike Expert Testimony (including *Daubert* Motions)<br><br>No dispositive motion or motion to strike expert testimony (including a *Daubert* motion) may be filed after this date without leave of the Court. |
| April 1, 2016 | August 29, 2016 | Deadline to Complete Expert Discovery |

2

| | | |
|---|---|---|
| March 18, 2016 | August 8, 2016 | Serve Disclosures for Rebuttal Expert Witnesses |
| February 29, 2016 | June 29, 2016 | *Claim Construction Hearing – 9:00 a.m. in **Marshall, Texas** before Judge Roy Payne |
| February 26, 2016 | July 18, 2016 | Serve Disclosures for Expert Witnesses by the Party with the Burden of Proof |
| February 26, 2016 | July 6, 2016 | *Deadline to File Letter Briefs Regarding Dispositive Motions |
| February 22, 2016 | July 18, 2016 | Deadline to File Motions to Compel Discovery |
| February 19, 2016 | July 18, 2016 | Deadline to Complete Fact Discovery |

(*) Indicates a deadline that cannot be changed without showing good cause. Good cause is not shown merely by indicating that the parties agree that the deadline should be changed.

## ADDITIONAL REQUIREMENTS

**Notice of Mediator:** The parties are to jointly file a notice that identifies the agreed upon mediator or indicates that no agreement was reached. If the parties do not reach an agreement, the Court will appoint a mediator. The parties should not file a list of mediators to be considered by the Court.

**Summary Judgment Motions:** Prior to filing any summary judgment motion, the parties must submit letter briefs seeking permission to file the motion. The opening letter brief in each of those matters shall be no longer than five (5) pages and shall be filed with the Court no later than the deadline for filing letter briefs. Answering letter briefs in each of those matters shall be no longer than five (5) pages and filed with the Court no later than fourteen (14) days thereafter. Reply briefs in each of those matters shall be no longer than three (3) pages and filed with the Court no later than five (5) days thereafter. The Court may decide the question on the submissions or hold a hearing or telephone conference to hear arguments and to determine whether the filing of any motion will be permitted. Letter briefs shall be filed without exhibits. Any requests to submit letter briefs after the deadlines outlined above must show good cause.

**Indefiniteness:** In lieu of early motions for summary judgment, the parties are directed to include any arguments related to the issue of indefiniteness in their *Markman* briefing, subject to the local rules' normal page limits.

**Motions under 35 U.S.C. § 101**: Parties seeking to file dispositive motions under 35 U.S.C. § 101 before the Court's Claim Construction Order has issued may do so only upon a grant of leave from the Court after a showing of good cause, which shall be presented through

the letter briefing process described above. Parties may file dispositive motions under 35 U.S.C. § 101 without leave from the Court within two weeks of the issuance of the Court's Claim Construction Order without use of the Court's letter briefing process described above.

**Motion for Continuance:** The following excuses will not warrant a continuance nor justify a failure to comply with a discovery deadline:

(a) The fact that there are motions for summary judgment or motions to dismiss pending;

(b) The fact that one or more of the attorneys is set for trial in another court on the same day, unless the other setting was made prior to the date of this order or was made as a special provision for the parties in the other case;

(c) The failure to complete discovery prior to trial, unless the parties can demonstrate that it was impossible to complete discovery despite their good faith effort to do so.

**Amendments to the Docket Control Order ("DCO")**: Any motion to alter any date on the DCO shall take the form of a motion to amend the DCO. The motion to amend the DCO shall include a proposed order that lists all of the remaining dates in one column (as above) and the proposed changes to each date in an additional adjacent column (if there is no change for a date the proposed date column should remain blank or indicate that it is unchanged). In other words, the DCO in the proposed order should be complete such that one can clearly see all the remaining deadlines and the changes, if any, to those deadlines, rather than needing to also refer to an earlier version of the DCO.

**Proposed DCO**: The Parties' Proposed DCO should also follow the format described above under "Amendments to the Docket Control Order ('DCO')."

**So ORDERED and SIGNED this 24th day of February, 2016.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE