# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| SAINT LAWRENCE COMMUNICATIONS LLC, | § § § | |
| *Plaintiff*, | § § § | |
| v. | § § | CASE NO. 2:15-CV-349-JRG |
| ZTE CORPORATION, ZTE USA, INC., and ZTE (TX) INC., | § § § § | **(LEAD CASE)** |
| *Defendants*. | § § § | |
| | § § | |
| SAINT LAWRENCE COMMUNICATIONS LLC, | § § § | |
| *Plaintiff*, | § § § | |
| v. | § § | CASE NO. 2:15-CV-351-JRG |
| MOTOROLA MOBILITY LLC, | § § § | |
| *Defendants*. | § § | |

## ORDER ON MOTIONS *IN LIMINE*

Before the Court are the opposed motions *in limine* filed by Plaintiff Saint Lawrence Communications LLC's ("SLC") (Dkt. No. 397) and Defendant Motorola Mobility LLC ("Motorola") (Dkt. No. 398), in addition to SLC's Unopposed Motions *in Limine* as to Motorola (Dkt. No. 396) the parties' agreed motions *in limine*. (Dkt. No. 436.) The Court held a pretrial conference on February 21, 2017 and heard oral argument on said motions. This Order summarizes and memorializes both the Court's rulings from the bench at that hearing and its rulings on matters that were taken under advisement.

## AGREED MOTIONS *IN LIMINE*

The following motions are **GRANTED-BY-AGREEMENT**:

It is **ORDERED** that Motorola and its witnesses and counsel shall not raise, discuss, or argue the following before the venire panel or the jury without prior leave of Court:

SLC MIL No. 5: Suggestion that Damages Awards May Drive up the Price of Products, put any Manufacturers out of Business, or Cause Jobs to be Lost.

SLC MIL No. 7: Discovery Orders Entered in This or Any Related Case.

SLC MIL No. 9: Reference to Privileged Subject Matter.

SLC MIL No. 10: Exclude Evidence or Argument Comparing the Accused Product to the Prior Art. Motorola may not compare an accused product to the prior art for purposes of establishing non-infringement or invalidity. Motorola may also not attempt to affirmatively prove invalidity by arguing SLC's infringement theories read on or encompass the prior art. However, Motorola may identify apparent contradictions or inconsistencies between SLC's infringement theories and SLC's validity theories as a means of cross-examination or impeachment.

SLC MIL No. 15: Pejorative References to Litigation Counsel's Involvement in Licensing Discussions: Any pejorative or derogatory references, evidence, testimony (including expert testimony), arguments regarding, or inquiries attempting to elicit testimony regarding, involvement by litigation counsel for SLC in licensing. This limine would not exclude evidence or testimony that particular individuals were involved in licensing activities.

SLC MIL No. 22: Expert Testimony from a Witness Not Designated as an Expert.

SLC MIL No. 23: Undisclosed Expert Opinions from Disclosed Experts.

SLC MIL No. 14 and Motorola MIL No. 6: Exclusion of reference to foreign status or ownership of any party, witness, related third party, including VoiceAge, or any supplier of these

entities. This limine shall not limit the parties from providing general discussions regarding the parties' respective locations if those locations are relevant to facts at issue or developing factual evidence about where a witness lives or works. This limine further shall not limit either parties' ability to inquire as to foreign status of a party or witness if such inquiry is connected to an issue where nationality is relevant.

It is **ORDERED** that SLC and its witnesses and counsel shall not raise, discuss, or argue the following before the venire panel or the jury without prior leave of Court:

Motorola MIL No. 6: Exclude References to Foreign Ownership or Suppliers. Exclusion of reference to foreign status or ownership of any party, witness, related third party, including VoiceAge, or any supplier of these entities. This limine shall not limit the parties from providing general discussions regarding the parties' respective locations if those locations are relevant to facts at issue or developing factual evidence about where a witness lives or works. This limine further shall not limit either parties' ability to inquire as to foreign status of a party or witness if such inquiry is connected to an issue where nationality is relevant.

Motorola MIL No. 15: Exclude evidence and argument relating to trial teams and consultants.

## SLC'S UNOPPOSED MOTIONS *IN LIMINE*

The following motions are **GRANTED-AS-UNOPPOSED**:

It is **ORDERED** that Motorola and its witnesses and counsel shall not raise, discuss, or argue the following before the venire panel or the jury without prior leave of Court:

SLC's Unopposed MIL No. 1: Any reference to IPRs or ongoing IPRs. Exclusion of any references, evidence, testimony (including expert testimony), arguments regarding, or inquiries attempting to elicit testimony regarding any IPRs, whether instituted or not instituted.

SLC's Unopposed MIL No. 2: Prior judicial opinions pertaining to prior expert testimony by experts in this case. Exclusion of any references, evidence, testimony (including expert testimony) arguments regarding, or inquiries attempting to elicit testimony regarding the fact that testimony or opinions offered by testifying experts in this case may have been excluded or found to be unreliable in any other lawsuits. However, if a party offers evidence of an expert having been accepted by other courts or touts the number of times an expert has testified, that may open the door for the opposing party to use prior judicial opinions pertaining to that prior expert testimony. General testimony from an expert that an expert has testified as an expert in the past or has testified on behalf of plaintiffs and defendants in patents cases would not open the door.

SLC's Unopposed MIL No. 3: Reference, arguments, or testimony regarding contingent fees, fees incurred, fee arrangements, any fees obtained as a result of previous settlements. Exclusion of any references, evidence, testimony (including expert testimony) arguments regarding, or inquiries attempting to elicit testimony regarding contingent fees, fees incurred, the retention/fee agreements of any party's counsel in this case, and any fees obtained or potentially obtained by counsel as a result of this case. This *limine* shall not prohibit the parties from eliciting testimony regarding a witness' financial interest in the case.

SLC's Unopposed MIL No. 4: Criticisms of the patent office or its employees, or denigrating the patent system. Exclusion of any references, evidence, testimony (including expert testimony) arguments regarding, or inquiries attempting to elicit testimony suggesting that the PTO—or its examiners—are overburdened or incompetent, overlook references, as well as any general reference to "bad" patents or any similar pejorative term. This *limine* does not foreclose comments consistent with the patent video shown by this Court, including reference to patent rights as "monopolies" in non-pejorative terms. This *limine* also shall not prevent Motorola from making

generalizations that the examiner was in error or on general matters regarding invalidity.

## SLC'S OPPOSED MOTIONS *IN LIMINE*

With regard to the following, opposed motions *in limine*, the Court **ORDERS** as follows:

<u>SLC's MIL No. 1</u>: SLC's business activities. Any pejorative or derogatory references, evidence, testimony (including expert testimony), arguments regarding, or inquiries attempting to elicit testimony regarding, St. Lawrence status as a non-practicing entity that has been, and is, involved in patent lawsuits though it does not manufacture products or practice the patents-in-suit. In particular, St. Lawrence seeks an order prohibiting Defendants from making derogatory, disparaging, and/or pejorative references to St. Lawrence—or St. Lawrence's representatives and employees—by, for example, using any of the following or similar terms: "patent troll," "pirate," "bounty hunter, "privateer," "bandit," "paper patent," "submarine patent," "stick up," "hold up," "shakedown," "playing the lawsuit lottery," "patent assertion entity," "a company that doesn't make anything," or "a company that doesn't sell anything." This *limine* would not exclude evidence or testimony that "St. Lawrence is a patent assertion entity that does not manufacture or sell products in this field."

> This motion *in limine* is **GRANTED-IN-PART** and **DENIED-IN-PART** as follows: SLC's motion *in limine* is **DENIED** as to introducing the concept of a "hold up" in the FRAND context. Otherwise, SLC's motion *in limine* is **GRANTED**.

<u>SLC's MIL No. 2</u>: SLC's corporate structure. Any references, evidence, testimony (including expert testimony), arguments regarding, or inquiries attempting to elicit testimony: (i) referring negatively or disparagingly to St. Lawrence's (or its parent entities or affiliates) corporate structure, including use of pejorative terms such as "corporate shells" or "litigation shells" or making implications of any nefarious purpose behind St. Lawrence's (or its parent entities or affiliates) corporate structure, St. Lawrence's lack of direct employees, or mention the number of

5

St. Lawrence's affiliates or subsidiaries of St. Lawrence's parent entities; or (ii) regarding or otherwise suggesting that St. Lawrence (or its parent entities, affiliates or subsidiaries) is undercapitalized.

> This motion *in limine* is **GRANTED** with an express "carve-out" permitting Motorola to argue and elicit testimony regarding the fact that SLC was created by Acacia as part of the acquisition of the patents-in-suit, that Acacia owned the patents-in-suit before they were transferred to SLC, that Acacia began the negotiations with VoiceAge, and that Acacia engaged in certain licensing negotiations.

SLC's MIL No. 3: Any reference to legal proceedings involving Acacia or other Acacia subsidiaries other than SLC or subsidiaries of SLC.

> This motion *in limine* is **GRANTED** with the same express "carve-out" provided in the Court's ruling on SLC's motion *in limine* number 2, permitting Motorola to argue or elicit testimony regarding the fact that SLC was created by Acacia as part of the acquisition of the patents-in-suit, that Acacia owned the patents-in-suit before they were transferred to SLC, that Acacia began the negotiations with VoiceAge, and that Acacia engaged in certain licensing negotiations.

SLC's MIL No. 4: Motorola's patents or patent applications as a defense to infringement.

> This motion *in limine* is **GRANTED-IN-PART** and **DENIED-IN-PART** as follows: **GRANTED** as to any argument or suggestion that the patents are a defense to infringement. **DENIED** as to the use of Motorola's patents with respect to its damages case.

SLC's MIL No. 6: References to prior art claims or causes of action in this lawsuit that have been dismissed, abandoned, or dropped. Any references, evidence, testimony (including expert testimony), arguments regarding, or inquiries attempting to elicit testimony regarding the existence of prior claims or causes of action in this lawsuit that have been dismissed, abandoned, or dropped by St. Lawrence, including the fact that such claims or causes of actions were previously asserted but have been dismissed, abandoned, or dropped.

> This motion *in limine* is **GRANTED**. This *limine* is not so broad as to prohibit Motorola from raising unasserted claims or previous claims as part of their case to inform the jury on the issues of infringement and invalidity. Outside of this limited context, the *limine* is **GRANTED**.

SLC's MIL No. 8: Reference to claims of privilege.

**WITHDRAWN**.

SLC's MIL No. 9: Reference to privileged subject matter.

**WITHDRAWN**.

SLC's MIL No. 11: Arguments contrary to the Court's claim construction Order. Any references, evidence, testimony (including expert testimony), arguments regarding, or inquiries attempting to elicit testimony contrary to this Court's claim construction Order.

> This motion *in limine* **GRANTED**. At the pretrial conference the Court took this motion *in limine* under advisement and allowed the parties to submit supplemental briefing on this topic. In its supplemental brief, SLC raised two lines of testimony which it contends conflict with the Court's claim construction of the term "[synthesized] [weighted] wideband [speech] signal." (*See* Dkt. No. 448.) The Court takes this opportunity to specifically address each identified line of testimony. First, SLC points to Dr. Clements' statement in paragraph 51 of his report, where he opines that "the use of the word 'wideband' throughout the '802 patent clearly requires a frequency range extending to at least 7,000 Hz." (*Id.* at 1.) The Court finds that this statement irreconcilably conflicts with the Court's claim construction Order, which held that the frequency range of wideband signals recited in the patents-in-suit is "*approximately* 50–7000 Hz." (Dkt. No. 236 at 113) (emphasis added). Accordingly, paragraph 51 is excluded and Dr. Clements is precluded from providing the testimony contained therein—or any other testimony or evidence to the same or similar effect—at trial. Second, SLC points to Dr. Clements' opinion in paragraph 155 of his report, where he opines that "[d]own-sampling the original signal from 16,000 samples per second to 12,800 renders the speech signal to no longer be a wideband speech signal as that term has been construed by the Court." (*Id.* at 2.) This opinion is not directly in conflict with the Court's claim construction, which does not address the sampling rate required by the construed term. Rather than exclude this opinion, the Court finds that the proper recourse for SLC is to address any perceived deficiencies during cross examination of Dr. Clements. However, when Motorola seeks to present the testimony provided in paragraph 155 of Dr. Clements' report—or any other testimony or evidence to the same or similar effect—at trial, it must approach the Court and seek leave to present such testimony.

SLC's MIL No. 13: Testimony seeking to distinguish between accused products that "utilize" AMR-WB versus those that are "capable of" utilizing AMR-WB.

> This motion *in limine* is **GRANTED**. Motorola may not distinguish between accused products that "utilize" AMR-WB versus those that are "capable of" utilizing AMR-WB, however it may argue that its products are not reasonably capable of utilizing AMR-WB.

7

SLC's MIL No. 16: Suggestion that there is anything inappropriate or unfair about pursuing an injunction in a patent case.

> This motion *in limine* is **GRANTED** as to any suggestion that there is something inherently unfair or inappropriate about seeking injunctive relief or obtaining injunctive relief. However, the *limine* does not extend to testimony or argument regarding the effect of a threatened injunction on a license or potential licensing discussions, including the impact of an injunction or threatened injunction on the economic adjustments to the value of a license, the mental state of the parties, and the willingness to enter into a license.

SLC's MIL No. 17: Pejorative hearsay arguments from third-parties regarding SLC's FRAND obligations, including whether SLC violated its FRAND obligations and what FRAND law requires or should require.

> This motion *in limine* is **GRANTED** on the same basis as SLC's motion in *limine* number 16: Motorola is precluded from making any suggestion that there is something inherently unfair or inappropriate about seeking injunctive relief or obtaining injunctive relief. However, the *limine* does not extend to testimony or argument regarding the effect of a threatened injunction on a license or potential licensing discussions, including the impact of an injunction or threatened injunction on the economic adjustments to a license, the mental state of the parties, and the willingness to enter into a license.

SLC's MIL No. 18: Testimony that SLC litigation conduct in Germany, including its pursuit of an injunction, or the licenses and/or settlements resulting from that German litigation, failed to comply with SLC's FRAND obligations.

> This motion *in limine* is **GRANTED** on the same basis as SLC's motions in *limine* numbers 16 and 17: Motorola is precluded from making any suggestion that there is something inherently unfair or inappropriate about seeking injunctive relief or obtaining injunctive relief. However, the *limine* does not extend to testimony or argument regarding the effect of a threatened injunction on a license or potential licensing discussions, including the impact of an injunction or threatened injunction on the economic adjustments to a license, the mental state of the parties, and the willingness to enter into a license.

SLC's MIL No. 19: Any reference to "background art" to satisfy claim elements in support of an invalidity claim.

> This motion *in limine* is **DENIED**. SLC's motion *in limine* number 19 is duplicative of the existing obligation to stay within the scope of the expert's report.

<u>SLC's MIL No. 20</u>: Testimony that SLC pursued an aggressive litigation strategy.

This motion *in limine* is **DENIED**. Motorola's expert may provide testimony to the effect that SLC pursued an aggressive litigation strategy by detailing specific facts but without just using high level general characterizations. In other words, Motorola's expert may cover material in her report that is factual in nature, however she may not use derogatory or pejorative statements or innuendo in characterizing SLC's conduct.

## MOTOROLA'S OPPOSED MOTIONS *IN LIMINE*

With regard to the following, opposed motions *in limine*, the Court **ORDERS** as follows:

<u>Motorola's MIL No. 1</u>: Preclude SLC from introducing evidence of settlement discussions in violation of the parties' NDA and Federal Rule of Evidence 408.

This motion *in limine* is **GRANTED-IN-PART** and **DENIED-IN-PART** as follows: To the extent a party needs to discuss an alleged breach of a FRAND obligation, evidence regarding settlement discussions between the parties, or evidence regarding findings of a German court with regard to Motorola about whether a FRAND obligation was met, those things shall be done outside the presence of the jury. There will be no allegations of a breach of a FRAND obligation within the presence of the jury. However, FRAND issues that relate to damages, including what is a proper FRAND royalty rate, will be presented in the presence of the jury. Motorola may also present evidence that it did not receive an offer before the lawsuit was filed before the jury.

<u>Motorola's MIL No. 3</u>: Preclude testimony and documents unrelated to Motorola Mobility LLC.

This motion *in limine* is **DENIED**. Mr. Amar, as a 30(b)(6) corporate representative, shall provide testimony that remains confined to the general parameters of what the corporation is entitled to know or to have found out. To the extent he testifies beyond those parameters, it is incumbent upon Motorola to object at trial.

<u>Motorola MIL No. 4</u>: Preclude testimony and other evidence regarding infringement theories not disclosed in the complaint and infringement contentions.

This motion *in limine* is **GRANTED-IN-PART** and **DENIED-IN-PART** as follows: **DENIED** as to SLC's ability to offer other functions or other applications as evidence to show that the accused products are capable of implementing the AMR-WB functions. **GRANTED** as to any argument that certain products not accused or otherwise identified in the complaint or infringement contentions infringe the patents-in-suit.

Motorola MIL No. 5: Exclude references to published VoiceAge or SLC royalty rates, VoiceAge's offered or actual wireline licenses, details regarding licenses not relied on by the parties' damages experts, and testimony regarding the amount previously paid by Motorola to license unrelated patents.

> This motion *in limine* is **GRANTED-IN-PART** and **DENIED-IN-PART** as follows: **GRANTED** as to the testimony regarding amounts Motorola paid to license other, unrelated patents. With regard to cross-licenses, the motion is **CARRIED** to the disputes regarding exhibits. Motorola's motion is **DENIED** as to the remainder.

Motorola's MIL No. 7: Preclude undisclosed expert or opinion testimony from fact witnesses.

> This motion *in limine* is **DENIED**. This area of concern is already addressed under the existing rules preventing lay witnesses from providing opinion testimony.

Motorola MIL No. 8: Exclude evidence of the price, total revenues, or profits for Motorola products, Motorola's financial worth, or other large financial numbers.

> This motion *in limine* is **GRANTED-BY-AGREEMENT**. SLC will be permitted to present evidence on the total number of units sold by Motorola, and it may put up a per unit profit number, but SLC may not present evidence of the total revenue on the accused products.

Motorola MIL No. 10: Preclude references to hearsay statements by counsel representing non-parties in other proceedings.

> This motion *in limine* is **DENIED**.

Motorola MIL No. 11: Exclude references to SLC infringement findings in Germany.

> This motion *in limine* is **GRANTED BY AGREEMENT**.

Motorola MIL No. 12: Preclude SLC from making references to related defendants' experts' opinions at trial.

> This motion *in limine* is **GRANTED**. Should SLC seek to introduce any references to ZTE expert opinions at trial is should approach the Court and seek leave.

Motorola MIL No. 13: Exclude unsupported SLC testimony that Motorola knew about the patents-in-suit prior to filing.

This motion *in limine* is **DENIED**.

Motorola No. 14: Preclude testimony and evidence related to opinions of nonparties that the patents-in-suit cover certain products or technologies.

This motion in limine is **DENIED** as to exhibit disputes. However, the motion will rise and fall and will be effectively disposed of by means of the Court's rulings on documents relating to non-party infringement analyses.

Motorola MIL No. 17: Preclude expert testimony that was not timely disclosed in expert report.

This motion *in limine* is **DENIED**. This ruling does not impact the rule precluding experts from testifying beyond the scope of their reports.

**So ORDERED and SIGNED this 2nd day of March, 2017.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE